## 20051

In the Matter of Thomas M. SPENCE, Respondent.

(216 S. E. (2d) 870)

*Messrs. Daniel F. McLeod, Atty. Gen.,* and *A. Camden Lewis, Asst. Atty. Gen.,* of Columbia, *for Complainant.*

*Thomas M. Spence in pro per.*

July 8, 1975.

*Per Curiam:*

After hearings pursuant to the Court's Rules of Disciplinary Procedure for attorneys, the Board of Commissioners on Grievances and Discipline filed with this Court its final certified report, including its recommendations.

Thereafter the respondent, an attorney, was ruled to show cause why the report of the Board should not be confirmed. The matter was set for a hearing on June 11, 1975. The respondent did not appear as directed, but sent to the Court under a "special appearance": (1) answer to complaint, (2) amended motion to vacate, and (3) a motion for a continuance. The showing made for a con-

tinuance was deemed insufficient, and the Court proceeded with the hearing in his absence. The contention that this Court is without jurisdiction to determine this matter is clearly without merit. We have considered the answer to complaint and the amended motion to vacate, filed on the day of the hearing, which in effect brief the contentions of the respondent.

The Board found as a fact:

"1. The respondent was a practicing attorney in Laurens County, South Carolina, and is now an attorney in the State of Georgia but he retains his South Carolina license to practice law.

"2. In 1969 the respondent in handling an automobile accident case for his client, C. T. Anderson, held in trust for Mr. Anderson certain monies of which $600.00 was to settle Mr. Anderson's account with Rhodes Furniture, Inc. Respondent failed and refused to satisfy the account, resulting in a judgment against Mr. Anderson in the amount of $1,352.00. Respondent under the guise of attorney fees and costs converted the $600.00 held in trust to his own use.

"3. Respondent in early 1970 knowingly made false representations to his client, Calvin T. Anderson, about the value of stock, in order to take advantage of a superior position as an attorney at law and in order to gain $1,500.00 as personal profit from his overreaching and fraudulent representations.

"4. Respondent in his dealings with Fairfield Corporation and its predecessor corporations demonstrated a total disregard of an attorney's ethical duty to act with candor and fairness both in his legal and his nonlegal business transactions."

The hearing panel concluded, and the Board unanimously agreed that the respondent was guilty of misconduct tending to pollute the administration of justice, and recommended disbarment. The findings, conclusions, and recommendation that the respondent be permanently disbarred, are fully war-

ranted by the record before us. We find nothing in the evidence that warrants the Court's rejecting the recommendation.

It is therefore ordered that the respondent Thomas M. Spence be, and he is hereby disbarred from the practice of law in this State, and he shall within five (5) days surrender to the Clerk of the Supreme Court of South Carolina the certificate heretofore issued by the Court admitting him to practice.

Let this order be published with the opinions of this Court.